## GRISSLER & FAUSEL *vs.* STUYVESANT.

The only ground of action stated in a complaint was that the defendant had brought actions of ejectment against the plaintiffs for the recovery of certain real estate, and had afterwards, by summons, commenced summary proceedings to recover possession of the same premises, for non-payment of rent; and that the act of the defendant in procuring such summons to be issued, and all the proceedings thereon, were injurious to the plaintiffs, and, during the pendency of the ejectment suits, were an abuse of the proceedings prescribed by the statute under which the said summons was issued. The prayer was that the proceedings under the summons might be abated, and for an injunction. *Held*, on demurrer, that the complaint did not state a good cause of action.

It is no ground for an injunction that a proceeding is injurious to the plaintiff, if such proceeding is proper.

APPEAL, by the plaintiffs, from an order made at a Special Term, sustaining a demurrer to the complaint, and dismissing the complaint.

The complaint alleges that on the 13th day of April, 1870, the plaintiffs were and have ever since been, and are now in possession, and entitled to the possession of certain lands and premises in the city of New York, known as Nos. 152, 154, 158 and 160 Third avenue, claiming under a deed, a copy of which was annexed. That the said defendant has ever since the said 13th day of April, 1870, denied, and now denies, that the plain-

tiffs are his tenants, or that they have any title to said land or the possession thereof.

That on or about the 25th day of September, 1871, the defendant brought three separate actions against the plaintiffs in the Superior Court in the city of New York, which are at issue and still pending and undetermined, and copies of the complaints in said actions were annexed.

That on the 14th day of February, 1872, the defendant applied to Thaddeus H. Lane, Esquire, a justice of the district court of the city of New York, in the district in which said premises are situated, and procured to be issued a summons, a copy of which was annexed, and has caused the same to be served on these plaintiffs, and is proceeding to procure an adjudication by the said justice upon the allegations recited in said summons, and to procure a warrant to be issued by said justice for the removal of the plaintiffs from said premises, according to the form of the statute in such case made and provided.

The plaintiffs allege that the proceedings of the defendant in procuring such summons to be issued, and all proceedings upon such summons, are injurious to the plaintiffs, and during the pendency of the aforesaid actions in the Superior Court are an abuse of the proceedings prescribed by the statute under which said summons was issued.

And the plaintiffs pray judgment that the proceedings under said summons may be abated, and that the defendant, his agents and attorneys may be enjoined and restrained from taking proceedings on said summons, or any proceedings to remove the plaintiffs or their under-tenants from said premises, or any part thereof, during the pendency of said actions in the Superior Court, or either of them, and that an injunction to the same effect may be granted during the pendency of this action, and that the plaintiffs may have such further or

other relief as may be fit, and that the. defendant pay the costs of this action.

The defendant demurred to this complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

The court, at Special Term, made an order sustaining the demurrer, and directing the complaint to be dismissed with costs to the defendant.

*John J. Townsend,* for the appellants. The question raised by the demurrer is one of very great simplicity and importance. In the Superior Court, the defendant, in three actions, is seeking to eject the plaintiffs as trespassers, and claiming damages in lieu of rents and profits. At the same time he seeks to recover possession by proceeding before a magistrate, on the ground that they are his tenants by agreement. This affirmance of contrary propositions can be permitted under no circumstances. The toleration of it is inconsistent with the plainest principles of justice. (*Sanger* v. *Wood,* 3 *Johns. Ch. R.,* 421–422.)

The plaintiffs are entitled to a reversal of the order dismissing the complaint, and of the judgment dismissing the complaint.

Dismissal of the complaint is equivalent to a nonsuit, which can only be incurred on a judgment as in case of nonsuit rendered for a failure of proof or some matter · extrinsic of the pleadings, and altogether irrespective of the merits of a complaint.

Upon the trial of an issue of law the plaintiffs are entitled to have the complaint stand, and to have the benefit of all the allegations which it contains.

*Douglas Campbell,* for the respondent. The demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action was properly sustained. The allegation that another action

was pending, was not an issue that could be raised or made a defence to summary proceedings. (*Duigan* v. *Hogan*, 1 *Bosw.*, 647.) The only case where an injunction can issue to restrain summary proceedings is where they are used as a means of fraud. (*Ward* v. *Kelsey*, 14 *Abb.*, 106. *Marks* v. *Wilson*, 11 *Abb.*, 87. *Springsten* v. *Powers*, 3 *Rob.*, 483. *Marry* v. *James*, 37 *How.*, 57.)

*By the Court*, INGRAHAM, P. J. The only cause of action stated in the complaint is that the defendant had brought an action of ejectment in the Superior Court, against the plaintiffs, for the recovery of certain real estate, and had afterwards commenced summary proceedings to recover possession of the same premises, for non-payment of rent. That the proceedings of the defendant, in procuring such summons, are injurious to them and an abuse of the proceedings under the statute. To this the defendant demurs.

It is difficult to see any good cause of action above stated. It is no ground for an injunction that the proceeding is injurious to a party, if such proceeding is proper. If it is not legal for the party to take such remedy, it should be defended by showing such illegality in the proceeding sought to be enjoined. Success in either of those proceedings can be pleaded to defeat the other.

The demurrer was properly sustained, and the judgment should be affirmed only so far as to render judgment on the demurrer, with costs. So much as dismisses the complaint is vacated.

[FIRST DEPARTMENT, GENERAL TERM at New York, November, 1873. *Ingraham, Fancher* and *Davis*, Justices.]